Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4065 | **DATE** | June 30, 2011 |
| **CASE TITLE** | Jerome Watson (#K-89634) vs. Lisa Madigan, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $1.88 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff's motion for appointment of counsel [#3] is denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

     Plaintiff, Jerome Watson, an inmate in state custody at Lawrence Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his rights by requiring him to register on the sex offender registry when his conviction was for a non-sexual crime. The allegations made in this complaint are identical to the allegations made in *Watson v. Madigan, et al.*, Case No. 10 C 0847 (N.D. Ill.) (Kendall, J.), which was dismissed with a "strike" pursuant to 28 U.S.C. § 1915(g) on March 5, 2010.

     Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.88. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

     Under 28 U.S.C. § 1915(e)(2)(b), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or is duplicative.

     "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851-52 (7th Cir. 2009) (internal

**(CONTINUED)**

|  | AWL |
|---|---|

| STATEMENT |
|---|

citations omitted). If these criteria are met, "res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Although the Defendants named in this suit are not identical to those named in the earlier suit (Plaintiff names Anita Alvarez, in addition to those Defendants named in the prior suit) the Defendants are plainly in privity. *See Donelson v. Prado*, Case No. 09 C 6227, 2011 U.S. Dist LEXIS 27117 *19, (N.D. Ill., March 16, 2011) (Feinerman, J.) *See also Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983) ("A plaintiff may not sue a succession of state employees on the same claim solely on the ground that each employee is not 'identical' to previously sued employees.").

Plaintiff's assertions repeat the claims he raised in a prior suit that this Court dismissed in 2010. *See Watson v. Madigan, et al.*, Case No. 10 C 0847 (N.D. Ill.) (Kendall, J.) (Order of March 5, 2010). A litigant may not duplicate claims in two separate suits. *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir. 2002); *Calhoun v. Detella*, 2003 WL 1964248, 5, No. 98 C 1987 (Conlon, J.) (N.D. Ill. 2003).

For these reasons, Plaintiff's complaint is dismissed. The dismissal of the complaint counts as one of Plaintiff's three allotted dismissals. If Plaintiff has three or more complaints dismissed for failure to state a claim or as frivolous, he may not file another suit or appeal in federal court without the prepayment of filing fee, unless Plaintiff demonstrates that he is imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If Plaintiff wants to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).